## DIAMOND, EXR., vs. SHELL ET AL.

A will, though fully proven and established, confers no other power on the executor than for the burial of the deceased, and the preservation of his estate: the authority of the executor to act as such, is derived from the letters testamentary, and his appointment must be confirmed by the Probate Court:

On grant of oyer, the letters testamentary, or a certified copy of them, without the proof establishing the will, is sufficient *prima facie* evidence of the authority of the executor to sue.

*Writ of Error to Phillips Circuit Court.*

PIKE & CUMMINS, for the plaintiff. The certificate of the clerk

OF THE STATE OF ARKANSAS. 27

TERM, 1854.]                    Diamond, Ex., vs. Shell et al.

of the Probate Court that the will and other papers, including the letters testamentary, had been recorded, was sufficient. The law does not require a separate certificate to each paper recorded.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The plaintiff sued as the executor of the last will and testament of Dennis Griffin, deceased. The defendant craved oyer of the letters testamentary, of which profert was made in the declaration. The plaintiff granted oyer, by producing what purported to be a copy of the letters testamentary, with a copy of the will annexed, which had been granted to him by the Probate Court of Phillips county, authenticated by the official certificate and seal of the clerk of that court, to be a true and correct copy of the last will and testament of Dennis Grifin, deceased, and the letters testamentary granted to Eli T. Diamond, upon the estate of said Dennis, by the Probate Court of the county of Phillips, "as the same now appears upon the records of my office." As part of the grant of oyer, and included in the same certificate, there was also produced a copy of the proof *in extenso* which had been taken at the probate of the will, and of the bond given by the plaintiff when he qualified as executor. The defendants demurred for a variance between the declaration and the instrument exhibited on oyer, though the special cause assigned, appears to have been for insufficiency, because it did not appear, from the certificate of the clerk, that the letters testamentary ever had been recorded in his office, so as to entitle a certified copy of them to be used in lieu of the original.

Though the ground of demurrer may be frivolous at the first blush, it seems to be proper to notice the statutory provisions on the subject. We apprehend that the primary object of probating a will, is, that it may be established and authenticated before the Probate Court having jurisdiction. All wills, when proven, together with the proofs and examinations taken in support of them, are required to be recorded by the [clerk of the Probate Court, and the originals filed and preserved in his office; so that the ex-

ecutor is not entitled to, or chargeable with, the custody of them. But the will itself, though fully proven and established, confers no more power upon the executor to act as such, than he would have to a limited extent, provided by the statute, before probate: that is, for the burial of the deceased in a manner suitable to his condition, and the preservation of the estate: because, one or more of the executors may refuse to act; and, in case all renounce, the will would have to be executed by a special administrator. The Probate Court must judge, whether the executor named be a suitable person, of full age, of sound mind, and otherwise qualified to be charged with such a duty. So, though the testator should direct that his executor might not give security, the court would still have a discretion to require it from him, if necessary, (*Bankhead, Exr., vs. Hubbard,* at July Term, 1853.) It would, therefore, be correct to say that the appointment of an executor by the will, has to be confirmed by the Court of Probate, or the clerk in vacation, subject to its confirmation or rejection, and who is thus presumed to be acting always under its direction.

If the testator's appointment be confirmed, the person, who is about to become executor, is required to make an affidavit and enter into bond with security, which are to remain of record in the clerk's office, and being thus qualified, his appointment and authority to act, are to be completed by the issuance to him of letters testamentary, according to the form prescribed by the statute, and to which a copy of the will is annexed. Before the original letters are given out, it is made the duty of the clerk, under a penalty, to record them, and authenticated copies of them may be read in evidence in the same manner as the originals.

Hence it is, that after these successive steps, the executor always makes out a prima facie case of authority to sue by producing the letters issued to him, or a certified copy of them. A copy of the will accompanies the letters; but as the granting of them presupposes the establishment of the will by the adjudication of the proper court, the proofs and examinations which may have been taken in support of it, do not necessarily form any part

of the letters. In like manner, we understand the intimation in *Newton, Ex. vs. Cooke, Ex.,* (5 *Eng.* 176,) to be, that though the oath and bond are essential to the executor's right to act, they need not be produced or proven when his authority is collaterally called in question; because the statute makes them prerequisites to the final issuance of the letters, and it is not to be presumed that the Probate Court, to whom belongs the appointment and removal of executors, has been derelict in exercising its jurisdiction.

Judgment reversed and cause remanded, with instructions to overrule the demurrer.